UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-451-D-1

| UNITED STATES OF AMERICA | **MOTION FOR DIMISSAL AND/OR BILL OF PARTICULARS** |
|---|---|
| v. | |
| JONATHAN LYNN JENKINS | |

Jonathan Lynn Jenkins, the Defendant in the above-captioned matter, respectfully moves this Court through undersigned counsel for an order Dismissing deficient counts in the superseding Indictment, or, alternatively, for a Bill of Particulars, specifically related to counts 1-5 of the superseding indictment (DE 80). In support of his motion, Mr. Jenkins offers the following:

1. On November 7, 2018, Mr. Jenkins was indicted on allegations of human trafficking, using the internet to promote an unlawful business enterprise, and possession of a firearm by a felon.

2. Mr. Jenkins was arrested and had an initial appearance on November 30, 2018.

3. The Government filed a superseding indictment on November 6, 2019 (DE 80).

4. Mr. Jenkins has been charged with a total of three (3) counts of violating 18 U.S.C. § 1591 and one (1) count of violating 18 U.S.C. § 1592. Mr. Jenkins is further charged with violating 18 U.S.C. §§ 922 (g) and 924.

5. Count 1 alleges that Mr. Jenkins violated 18 U.S.C. §§ 1591 (a), (b)(1), and (b)(2).

6. Count 2 alleges that Mr. Jenkins violated 18 U.S.C. §§ 1591 (a), (b), and 2.

7. Count 2 is facially deficient because 18 U.S.C. § 1591 (2) does not exist.

8. Count 2 is also deficient as a matter of law as to Mr. Jenkins because the subject of Count 2, a female with the initials B.H., was, according to the materials provided by the Government in discovery, 21 years of age in 2014 (the alleged beginning date of the offense). On information and belief, the initials B.H. represent a female subject who was born in 1993, and turned 18 in 2011. Mr. Jenkins was serving a state sentence in North Carolina from 2006–2014. Count 2 alleges Mr. Jenkins' conduct as to B.H. began in November 2014, when B.H. would have been 21 years of age. [DE 80]. Based on discovery provided to defense counsel and the information in the indictment, B.H. was a legal adult during the alleged conduct and Count 2 is deficient as a matter of law as to Mr. Jenkins based on these particular, undisputed facts in the case.

9. Count Three of the indictment alleges that Mr. Jenkins knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted financially and received anything of value from participation in a venture which recruited, incited, harbored, transported, provided, obtained, and maintained a person having the initials M.J., who had not attained the age of 18 years, and having a had a reasonable opportunity to observe M.J., and knowing and in reckless disregard of the fact that M.J. had not attained the age of 18 years, and would be caused to engaged in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a), (b)(2), and 2. [DE 80].

10. Count 3 is deficient on its face because 18 U.S.C. § 1591 (2) does not exist.

11. Count 3 is deficient as to Mr. Jenkins because it is vague and overbroad, specifically as to *mens rea* regarding the age of M.J.

12. Count 4 alleges that Mr. Jenkins violated 18 U.S.C. § 1952(a)(3) and 2.

13. Count 4 is facially deficient because 18 U.S.C. § 1952 (2) does not exist.

## II. ARGUMENT

The Constitution forms the basis of the rule that requires specific indictments. The Fifth Amendment provides that "no person shall be held to answer for a capital, or other infamous crime, unless on presentment of indictment of a grand jury…" Equally important is the Sixth Amendment's guarantee that "in all criminal prosecutions, the accused shall enjoy the right…to be informed of the nature and cause of the accusation." The federal rules expressly codify this mandate and require that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). While this language may differ slightly from the constitutional provisions, its adoption was not intended, in any way, to diminish the safeguards that an indictment affords a defendant. *Russell v. United States*, 369 U.S. 749, 765-66 (1962). Because "the first essential criterion by which the sufficiency of an indictment is to be tested [is whether it] failed to sufficiently apprise the defendant 'of what he must be prepared to meet,'" *id.* at 764, "an indictment must 'descend to particulars' where the definition of an offense includes generic terms." *Id*. (within parenthetical citation of *Russell*, 369 U.S. 749 at 765 (1962)); *accord United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). "Thus, the indictment must also contain a statement of the *essential facts* constituting the offense charged." (internal quotation marks omitted) (emphasis in original). An essential fact is one "whose specification . . . is necessary to establish the very illegality of the behavior." *United States v. Hooker*, 841 F.2d 1225, 1231 (4th Cir. 1988).

Case law requires that an indictment furnish a defendant with a sufficient description of the charges against him. More specifically the indictment must (1) enable him to prepare a defense; (2) ensure that he is prosecuted on the basis of the facts presented to the grand jury; and

(3) enable him to plead jeopardy against a later prosecution. *Id.*; *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998); *see also United States v. Spencer*, 839 F.2d 1341 (9th Cir. 1988), *cert. denied*, 487 U.S. 1238 (1988). This indictment, and the disclosure thereafter provided, fails this test.

To be able to prepare a defense, it is important that the indictment allege the offense "with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875). Sufficient time specificity must be provided to allow a defendant to adequately prepare a defense. *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979). A bill of particulars or "open file" discovery will not cure a defective indictment. *Id.* To allow a bill of particulars or open file to cure a defective indictment would circumvent the role of a grand jury. *Id.* "Reasonableness and fairness demand that the indictment state the date and time of the offense to the best of the [government's] knowledge after a reasonably thorough investigation has been undertaken to ascertain such information." *People v. Morris*, 61 N.Y.2d 290, 473 N.Y.S.2d 769, 773, 461 N.E.2d 1256 (1984).

### A. **The indictment does not provide the particularity necessary to enable a defense**

The time period alleged in the indictment spans approximately five months. It is not particularly clear on which dates Mr. Jenkins may have been involved and on which dates his alleged co-conspirator may have been involved. Furthermore, and more importantly, the indictment (specifically counts 1, 2, and 3) do not provide the particularity necessary to enable Mr. Jenkins to prepare a defense. 18 U.S.C. § 1591 is a poorly crafted statute. The statute reads, in pertinent part:

> (a) Whoever knowingly—
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

The statute carries four sections: (1) recruitment, enticement, harbors, transport, etc. in interstate or foreign commerce; (2) benefitting financially from involvement in a venture that committed one of the acts described in (1); (3) knowing or in reckless disregard of the fact that means of force, threats of force, fraud, or coercion, or any combination will be used to cause the person to engage in a commercial sex act; and (4) knowing or in reckless disregard that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

In order to violate (a)(1) of the statute, a person must commit one of the acts described in section one immediately above, while also having the required mental state as described in sections 3 or 4 immediately above. In effect, there are two ways to violate section (a)(1) – knowledge or reckless disregard of threats, fraud, or coercion, or that the individual was a minor. The same can be said for section (a)(2).

This indictment seems to conflate all of these elements together in one fell swoop, especially the conspiracy charge alleged in count 1 and the trafficking charges in counts 2 and 3. Count 1 of the indictment effectively alleges that Mr. Jenkins violated 18 U.S.C. 1591(a)(1) in the two ways described in the foregoing paragraph. It also alleges that Mr. Jenkins violated 1591(a)(2) in the two ways described in the foregoing paragraph. It does not break down the sections of 18 U.S.C. 1591 to a granular level as contemplated by the statute. Counts 2 and 3 suffer from a very similar deficiency, in that they both fail to accurately or adequately reference the exact section that Mr. Jenkins is claimed to have violated and they also mishmash the elements together into a thick soup of alleged criminal activity. The indictment further fails to allege how, if at all, Mr. Jenkins allegedly had a "meaningful opportunity to observe" that the

female subject M.J. was under the age of 18 and that he was in "reckless disregard" of that fact. [DE 80].

The effect of these deficiencies in the indictment, coupled with the vagaries of the disclosure provided to date and the Government's voluminous discovery disclosures showing a large number of potential witnesses, or other forms of evidence, including large extractions from digital devices and prolonged vehicle GPS tracking, it will seek to admit, is that counsel for Mr. Jenkins has been unduly burdened in ascertaining exactly what Mr. Jenkins is charged with, in anticipating the Government's case and evidence, in attempting to prepare for myriad confusing possibilities at trial, and ensuring that he is being prosecuted for the crimes presented to and later indicted by the grand jury. *See Russell v. United States*, 369 U.S. at 765-66; *United States v. Spencer*, 839 F.2d 1341.

Mr. Jenkins has a right to know exactly what sections of 18 U.S.C. § 1591 the government is going to argue to the jury at trial. Put bluntly, that knowledge is necessary to ensure that counsel and representation for Mr. Jenkins is effective. The indictment as it stands is insufficient in delineating the charged sections and the general theory of the government's case with respect to those same sections. Mr. Jenkins has no way of identifying which elections within the indictment the Government will seek or if the Government will just go to trial and "slop the balls" into whatever pocket they fortuitously fall into, to use an analogy of how some people play pool. Furthermore, with that type of open-ended trial strategy, Mr. Jenkins cannot identify what is relevant and admissible evidence and what is objectionable and prejudicial.

Count 3 is also unconstitutionally vague and overbroad for a failure to "descend to the particulars" or provide a "statement of the essential facts." *See generally United States v. Loayza*, 107 F.3d 257, 261 (4th Cir. 1997) (the accused is entitled to assurance that the indictment and the prosecution are for the same offenses). But the Court cannot provide this safeguard based on this

Indictment, since the Count's, especially Count 3's bare allegation that Mr. Jenkins had a reasonable opportunity to observe M.J. and was at least recklessly disregarded the fact that M.J. had not turned 18, are so open-ended that the Government may readily substitute its own allegations for those of the Grand Jury. Here, M.J. admitted in her grand jury testimony (that led to the original indictment) that when she allegedly got involved with Wallace and Mr. Jenkins, she came with someone who was over the age of 18 and she told everyone that she was older than she actually was. In fact, it is possible, based on the face of the Indictment, that the Grand Jury did not find all of the elements of the offense, which, of course, would require dismissal of the charges. *See United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992) ("The Fifth Amendment guarantees that the grand jury consider and find all of the elements of the offense.").

    **B. Count 2 is deficient as to its allegation going towards an element of the offense that B.H. is a minor when the undisputed facts underlying that charge show she was a legal adult during the time frame that the Government alleges that Mr. Jenkins committed the offense**

Generally, courts will not sustain a challenge by the accused to an otherwise facially valid indictment (and, here, assuming *arguendo* that Count 3 is a facially valid indictment) on grounds of insufficient evidence. *Costello v. United States*, 350 U.S. 359, 363-64 (1956). But the validity of an indictment (or count in it) may be properly raised in a pre-trial motion to dismiss when it involves a question of law regarding whether undisputed facts fail to state an offense. *See United States v. Fontenot*, 665 F.3d 640, 644-55 (5th Cir. 2011); *United States v. Ali*, 557 F.3d 715, 719-20 & n.3 (6th Cir. 2009) (same).

    Here, as a matter of law, based on undisputed facts provided in discovery, including official court records, B.H. simply could not have been under the age of 18 when Mr. Jenkins is alleged to have violated 18 U.S.C. § 1591. He was indisputably incarcerated in North Carolina prison, and this was well before the alleged conduct underlying the indictment began, when B.H.

turned 18. Thus, the aggravated offense for allegedly trafficking a minor, carrying a 10-year mandatory minimum sentence, must be dismissed.

### C. Alternatively, this Court should order the Government to file a bill of particulars

An insufficient indictment must be dismissed. *Russell v. United States*, 369 U.S. 749, 770 (1962); *Loayza*, 107 F.3d at 260 ("Because "the bill of indictment insures that a defendant does not face incarceration 'except on presentment or indictment of a grand jury;' thus, if it is insufficient, a prosecutor cannot cure the defects."). The Fourth Circuit has held that allowing the prosecutor to amend an indictment violated the Fifth Amendment's grand jury requirement, even when the amendment merely added an erroneously omitted statutory reference. *United States v. Daniels*, 973 F.2d 272, 275-276 (4th Cir. 1992) (indictment charged defendant with the knowing transfer of a firearm—elements one and two—but, by referencing the wrong code section, failed to properly allege the third element). The court in *Daniels* so held despite that the defendant received a fair trial and conceded that he had adequate notice of the charges against him. *Id*. at 276. Thus, the Fourth Circuit is particularly protective of the grand jury protections of the Fifth Amendment, and the Court should not give the government "a free hand to insert the vital part of the indictment without reference to the Grand Jury" through a bill of particulars. *United States v. Nance*, 533 F.2d 699, 701 (D.C.Cir. 1976). Here, the appropriate remedy is for the deficient counts is dismissal. *See Loayza*, 107 F.3d at 260.

However, in the alternative, and at a minimum, the Court should require the Government to provide a bill of particulars as to the deficient counts. *See United States v. Jackson*, 757 F.3d 1486, 1491 (4th Cir. 1985) ("Although grant of a bill of particulars lies in the discretion of the trial court, the defendant may show abuse of discretion in denying the motion by proving unfair surprise."). A bill of particulars is necessary in this case for Mr. Jenkins "to obtain sufficient

information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead [double jeopardy]." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1985).

### III. CONCLUSION

For the foregoing reasons, Mr. Jenkins respectfully requests that this Court:

1. Enter an Order requiring the Government to provide a Bill of Particulars relating to Counts 1-5 of the superseding indictment (DE 80), specifically Count 3 with regards to the intent requirement enumerated in the statute; and

2. Dismiss Count 2 because of its legal deficiency as to Mr. Jenkins on the grounds that B.H. was 21 years old when the alleged conduct began in November 2014; and

3. Any other relief this Court may deem appropriate and in the interests of justice.

Respectfully submitted this 6th day of January, 2020.

TARLTON | POLK PLLC

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON
Attorney for Defendant
TARLTON | POLK PLLC
(North Raleigh)
3905 Haworth Drive, Suite 207 (27609)
(Downtown Raleigh)
209 Fayetteville Street, Suite 105 (27601)
(Mailing)
PO Box 1386 (27602)
Raleigh, NC
(919) 948-6464 phone
(919) 400-4200 fax
E-mail: rtarlton@tarltonpolk.com
N.C. State Bar No. 38784

*Designation: CJA Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

**Erin C. Blondel**
**Melissa Kessler**
**William M. Gilmore**
U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
919-856-4871
Fax: 919-856-4487

by electronically filing the foregoing with the Clerk of Court on January 6, 2020, using the CM/ECF system which will send notification of such filing to the above.

This the 6th day of January, 2020.

TARLTON | POLK PLLC

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON
Attorney for Defendant