IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:18-CR-451-D-1

| UNITED STATES OF AMERICA | **GOVERNMENT'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANT'S PRETRIAL MOTIONS (D.E. 98, 100, 101, AND 102)** |
|---|---|
| v. | |
| JONATHAN LYNN JENKINS | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully opposes the defendant's pretrial motions (1) to dismiss the indictment or obtain a bill of particulars (D.E. 98), (2) to obtain grand jury discovery (D.E. 100), (3) to obtain Rule 404(b) evidence (D.E. 101), and (4) in limine pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997). The defendant's motions are meritless or premature.

## RELEVANT FACTUAL AND PROCEDURAL SUMMARY

Between November 2014 and October 2015, the defendant and his codefendant and nephew, Antoine Wallace, physically and sexually abused women so that they could exploit those women's bodies for profit. During that period, the defendant and Wallace prostituted at least four women. Two of those women, B.H. and M.J., were seventeen during some of the offense conduct. If the women disobeyed, were "disrespectful," or simply angered the defendants for any reason, the defendants beat them violently. The defendants required the women to provide sexual services to them, even forcing some to have anal sex against their will. And they terrorized the women through emotional abuse, violence, threats, and firearms.

1

Eventually all but one of the women left. Every time someone left, the defendants became enraged, threatening her and trying to hunt her down. When one victim, B.H., finally fled in October 2015, the defendants retaliated against the client who helped her escape by shooting at him and his home.

On January 19, 2016, the Johnston County Sheriff's Office executed a search warrant at the defendants' primary residence, 122 Serenity Drive in Smithfield, North Carolina. There officers found paperwork and personal items bearing the victims' names, business cards for prostitution, a guidebook to pimping (*Pimpology* by Pimpin' Ken), marijuana, and numerous firearms, one of them stolen. Officers also saw the defendant, who is a convicted felon, carry one of the firearms into the house during surveillance before the search.

On November 6, 2019, a federal grand jury returned a five-count superseding indictment charging the defendant with conspiracy to commit sex trafficking of a minor and by force, fraud, or coercion, 18 U.S.C. § 1594(c) (Count One); sex trafficking of a minor and by force, fraud, or coercion and aiding and abetting, 18 U.S.C. §§ 1591(a) and (b) and 2 (Count Two); sex trafficking of a minor and aiding and abetting, 18 U.S.C. §§ 1591(a) and (b)(2) and 2 (Count Three); using the internet to promote an unlawful business enterprise, namely, prostitution, and aiding and abetting, 18 U.S.C. §§ 1952(a)(3) and 2 (Count Four); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count Five). (D.E. 80.)

2

# ARGUMENT

The defendant now moves (1) to dismiss the indictment or obtain a bill of particulars (D.E. 98), (2) to obtain grand jury discovery (D.E. 100), (3) to obtain Rule 404(b) evidence (D.E. 101), and (4) in limine pursuant to *Old Chief*. His motions to dismiss or obtain a bill of particulars and to obtain grand jury discovery are meritless. His requests for further discovery and an *Old Chief* stipulation are premature.

## I. The Defendant's Motion to Dismiss or for a Bill of Particulars Is Meritless (D.E. 98).

What relief the defendant seeks is not entirely clear. It appears that he moves (1) to dismiss all counts because the indictment is insufficient, (2) dismiss Count Two because it lacks factual support, and (3) obtain a bill of particulars. The Court should deny this motion.

### A. *The Superseding Indictment States the Essential Elements of the Offense.*

Though the defendant appears to attack all five counts, his motion essentially complains that Counts One through Three, the sex trafficking counts, are too vague. (D.E. 98 at 4.)[1]

Indictments serve two purposes: "apprise[] the accused of the charge against him so he can prepare his defense" and "enable[] the accused to plead the Double Jeopardy bar to reprosecution if he is later charged with the same offense." *United States v. Am. Waste Fibers Co., Inc.*, 809 F.2d 1044, 1046 (4th Cir. 1987).

---

[1] The defendant's motion identifies no specific deficiencies in Counts Four or Five.

"An indictment is sufficient if it states the essential elements of the offense." *United States v. Whyte*, 918 F.3d 339, 350 (4th Cir. 2019) (quoting *United States v. Lockhart*, 382 F.3d 447, 449 (4th Cir. 2004)) (internal quotation marks omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Lockhart*, 382 F.3d at 449 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (internal quotation marks omitted).

The superseding indictment meets this standard. Counts One, Two, and Three track the statutory language closely. *Compare* D.E. 80 *with* 18 U.S.C. §§ 1591, 1594(c). Each count alleges every essential element of the offense. *See* 18 U.S.C. §§ 1591, 1594(c); *see also United States v. Fuertes*, 805 F.3d 485, 501 n.8 (4th Cir. 2015) (listing the elements of sex trafficking by force, fraud, or coercion); *United States v. Rooke*, 583 F. App'x 136, 137 (4th Cir. 2014) (per curiam) (listing the "three essential elements" of "sex trafficking a child"). The superseding indictment also provides basic factual information, including the date range of the offense and the initials of the victims of Counts Two and Three. The defendant does not note any elements missing from the superseding indictment.

Instead, the defendant urges that § 1591 is so "poorly crafted" that he cannot discern how the government alleges he violated it. (D.E. 98 at 4-7.) He identifies two sources of confusion: First, defendants can violate § 1591 by directly recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining the victim or

4

by participating financially in a venture that did so. 18 U.S.C. § 1591(a). Second, defendants can commit sex trafficking of a minor by knowing or recklessly disregarding the victim's age or by having a reasonable opportunity to observe her. 18 U.S.C. § 1591(a), (c). The defendant seems to argue that by charging all these theories of liability, the superseding indictment is too confusing. (D.E. 98 at 4-7.)

Section 1591 is not a particularly confusing statute. *See United States v. Afyare*, 632 F. App'x 272, 275-79 (6th Cir. 2016) (interpreting § 1591). Defendants can directly prostitute the victims, benefit financially from a venture that does it, or do both. 18 U.S.C. § 1591(a); *see United States v. Corely*, 679 F. App'x 1, 5 (2d Cir. 2017). Defendants can prostitute minors and also use force, fraud, or coercion against them. 18 U.S.C. § 1591(a); *e.g.*, *United States v. Gemma*, 818 F.3d 23, 38 (1st Cir. 2016). Because one defendant can violate § 1591 different ways, the government can charge each theory of liability together. *See United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) ("[I]t is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute.").

The mens rea for child sex trafficking is not confusing either: the defendant can know or recklessly disregard a child's true age when prostituting her, but if he has a reasonable opportunity to observe her, the law imposes strict liability. 18 U.S.C. § 1591(a), (c); *see United States v. Baker*, 876 F.3d 530, 535-36 (4th Cir. 2017). The *Baker* court easily interpreted the statute's mens rea standards and found no ambiguity. 876 F.3d at 535-36.

5

To the extent the defendant argues that he does not know factual details about his knowledge of the victims' age (D.E. 98 at 5-7), that is a matter for discovery, not the indictment. "[A]n 'indictment need not plead the government's theory of liability.'" *United States v. Rosalez*, 711 F.3d 1194, 1210 (10th Cir. 2013) (quoting *United States v. Zackery*, 494 F.3d 644, 649 (9th Cir. 2007)) (citing *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010)); *accord Am. Waste Fibers Co., Inc.*, 809 F.2d at 1047.

Finally, the defendant seems to argue that the time period charged is too broad. (D.E. 98 at 4). "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006). Charging an eleven-month date range for a prostitution enterprise is sufficient.

### B. *Sufficient Facts Support Count Two.*

The defendant urges that Count Two is deficient because "based on *undisputed facts* provided in discovery, including official court records," B.H. was not a minor during the offense conduct. (D.E. 98 at 7 (emphasis added).) Courts do not dismiss indictments based on the sufficiency of the evidence, *United States v. Wills*, 346 F.3d 476, 488-89 (4th Cir. 2003), so this argument fails.

In any event, the defendant misstates the evidence. It is true that B.H. sometimes provided a birthdate in 1993, and that birthdate appears in some law enforcement records.[2] The government disclosed those facts in discovery. Other evidence, however, including B.H.'s sworn testimony, her North Carolina

---

[2] Specifically, a Raleigh Police Department report and a North Carolina "Offender Summary" report.

6

Department of Motor Vehicles records, and her medical records—all of which the government also disclosed—confirm that she was born in 1997, making her a minor in 2014. Her age therefore *is* disputed. A jury can decide this issue.

### C. *The Defendant Is Not Entitled to a Bill of Particulars.*

The defendant asks for a bill of particulars. (D.E. 98 at 8-9.) "A bill of particulars identifies for the defendant the area within which the government's chief evidence will fall" to give the defendant notice of the charges against him and allow him to build a defense. *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). Its purpose is *not* "to provide detailed disclosure of the government's evidence in advance of trial." *Id.* (quoting *United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). When the government's indictment states the essential facts or the government maintains an open-file policy, a bill of particulars is not necessary. *See United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir. 1986).

The superseding indictment states the essential facts of the offenses, and the defendant's motion does not "specify what information he [seeks] that was not included in the indictment." *United States v. Johnson*, 48 F. App'x 871, 875 (4th Cir. 2002). The government maintains an open-file policy and so far has provided over 1,300 pages of discovery, including ten audio-video files and grand jury testimony by five key witnesses. The defendant has ample information to prepare his defense.

### II. The Defendant's Motion for Discovery of Grand Jury Material Should Be Denied (D.E. 100).

The defendant moves for discovery of grand jury material. Courts lift the strong protection of grand jury secrecy only when a party shows a "particularized

7

need." *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1298-99 (4th Cir. 1986) (quoting *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983)).

The defendant argues that because B.H. was not a minor in 2014, the government must have presented false evidence to the grand jury. (D.E. 100 at 4). As explained above, evidence shows that B.H. was a minor, born in 1997. The defendant's selective reading of the evidence does not entitle him to pierce grand jury secrecy. And in any event, the government has already produced five witnesses' grand jury testimony, including B.H.'s. It is not clear what else the defendant seeks.

The defendant otherwise requests discovery matter. (D.E. 100 at 2-3). The government knows and will continue to meet its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, as well as its continuing duty to disclose pursuant to Federal Rule of Criminal Procedure 16(c) and Local Criminal Rule 16.1(e).

### III. The Defendant's Motion for Disclosure of 404(b) Evidence Is Premature.

The defendant moves for evidence of other acts admissible under Federal Rule of Evidence 404(b). As explained above, the government is aware of its discovery obligations and will continue to comply with them. Moreover, Rule 404(b) merely requires the government to give "reasonable notice" of its intent to offer such evidence "before trial." Fed. R. Evid. 404(b)(2). Trial is not yet scheduled. The government will comply at the appropriate time.

8

## IV. The Defendant's Motion in Limine under *Old Chief* Is Premature.

The defendant moves in limine to require the government to enter into a stipulation pursuant to *Old Chief*, and otherwise preclude the government from discussing his prior conviction at trial. (D.E. 102.) Again, no trial is scheduled yet. Defense counsel has not contacted the government to negotiate any stipulations. The government is aware of *Old Chief* and is happy to discuss stipulations with defense counsel at the appropriate time.

## CONCLUSION

For the foregoing reasons, this Court should deny the defendant's motion to dismiss or for a bill of particulars (D.E. 98), deny the defendant's motion for grand jury discovery (D.E. 100), deny the defendant's motion for disclosure of Rule 404(b) evidence (D.E. 101), and deny the defendant's motion in limine under *Old Chief* (D.E. 102).

Respectfully submitted this 21st day of January, 2020.

ROBERT J. HIGDON, JR.
United States Attorney

/s/ Erin C. Blondel
ERIN C. BLONDEL
WILLIAM GILMORE
Assistant United States Attorneys
Criminal Division
U.S. Attorney's Office, EDNC
150 Fayetteville Street, 21st Floor
Raleigh, NC 27601
erin.blondel@usdoj.gov
Telephone: 919-856-4004
Fax: 919-856-4487
NC Bar No. 46977

CERTIFICATE OF SERVICE

This certifies that a copy of this motion has, this 21st day of January, 2020, been served upon the defendant by CM/ECF as follows:

Raymond C. Tarlton
TARLTON POLK PLLC
150 Fayetteville Street, Suite 930
Raleigh, NC 27601

/s/ Erin C. Blondel
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601
erin.blondel@usdoj.gov
Telephone: 919-856-4004
Fax: 919-856-4487
NC Bar No. 46977