IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-451-D
No. 5:25-CV-700-D

| | | |
|---|---|---|
| JONATHAN LYNN JENKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 31, 2025, Jonathan Lynn Jenkins ("Jenkins" or "petitioner"), proceeding pro se, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and life sentence [D.E. 295] and filed a memorandum in support [D.E. 296]. On January 13, 2026, Jenkins moved to amend his memorandum in support [D.E. 302, 303]. On January 14, 2026, the government moved to dismiss Jenkins's section 2255 motion [D.E. 304] and filed a memorandum in support [D.E. 305]. That same day, the court notified Jenkins of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 306]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 13, 2026, Jenkins moved in opposition to the government's motion to dismiss [D.E. 307] and filed a memorandum in support [D.E. 308]. As explained below, the court grants Jenkins's motion to amend, grants the government's motion to dismiss Jenkins's section 2255 motion, denies Jenkins's motion in opposition, dismisses Jenkins's section 2255 motion, and denies a certificate of appealability.

On November 6, 2019, a grand jury in the Eastern District of North Carolina charged Jenkins with conspiring to commit sex trafficking by force, fraud, and coercion of a minor (count one), sex trafficking by force, fraud, and coercion of a minor and aiding and abetting (count two), sex trafficking of a minor and aiding and abetting (count three), using the internet to promote an unlawful business enterprise (i.e., prostitution) and aiding and abetting (count four), and possessing a firearm as a convicted felon (count five). See [D.E. 80] 1–4. On February 10, 2020, Jenkins pleaded not guilty to each count. See [D.E. 119]; Rule 11 Tr. [D.E. 165] 16–29. On February 26, 2021, after a five-day trial, a jury convicted Jenkins of all five counts. See [D.E. 200].

On August 4, 2021, the court held Jenkins's sentencing hearing. See [D.E. 238]; Sent'g Tr. [D.E. 258]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR") and overruled Jenkins's objections to the PSR. See PSR [D.E. 231]; Sent'g Tr. 4–18. The court calculated Jenkins's total offense level to be 43 (i.e., the guideline chart maximum, down from Jenkins's total score of 51), his criminal history category to be II, and the advisory guideline range to be life imprisonment on counts one, two, and three, 60 months' imprisonment on count four, and 120 months' imprisonment on count five. See PSR ¶¶ 58–114; Sent'g Tr. 14; [D.E. 241] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jenkins to consecutive terms of life imprisonment on counts one, two, and three, 60 months' concurrent imprisonment on count four, and 120 months' concurrent imprisonment on count five. See Sent'g Tr. 18–33; [D.E. 242] 3.

Jenkins appealed. On August 31, 2021, the United States Court of Appeals for the Fourth Circuit appointed counsel to represent Jenkins in his appeal. See [D.E. 246]. On November 26, 2024, the Fourth Circuit affirmed (1) the procedural and substantive reasonableness of Jenkins's

sentence, (2) denial of Jenkins's motion to suppress a video confession, and (3) denial of Jenkins's motion to exclude expert testimony about sex trafficking. See United States v. Jenkins, No. 21-4447, 2024 WL 4891180, at *1–8 (4th Cir. Nov. 26, 2024) (unpublished). After affirming Jenkins's conviction and sentence on each ground raised, the Fourth Circuit observed that the "[g]overnment's evidence against Jenkins at trial was overwhelming and one-sided" and that Jenkins's sentence "was severe, but well-earned." Id. at *8. On December 27, 2024, the Fourth Circuit denied Jenkins's petition for rehearing en banc. See [D.E. 293]. On April 28, 2025, the Supreme Court denied certiorari. See Jenkins v. United States, 145 S. Ct. 1973 (2025) (mem.).

On October 31, 2025, Jenkins filed a section 2255 motion. See [D.E. 295]. He alleges 14 grounds for relief, claiming ineffective assistance of counsel (ground thirteen), other violations of the Fifth and Sixth Amendments (grounds one, two, three, five, eight, eleven, and fourteen), lack of jurisdiction due to the court's jury instructions (ground four), violation of 18 U.S.C. §§ 1505 and 1512 (ground six), conviction predicated on perjury (ground seven), prosecutorial misconduct (ground nine), conviction predicated on judicial bias (ground ten), and the sex trafficking offense as unconstitutionally vague (ground twelve). See id. at 4–28; [D.E. 296] 1–18; [D.E. 303] 1.

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a section 2255 motion's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 motion's legal conclusions. See, e.g., Iqbal, 556

3

U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Jenkins procedurally defaulted all of his claims, other than his ineffective assistance of counsel claim, by failing to raise them on direct appeal. See Jenkins, 2024 WL 4891180, at *1. In his appeal, Jenkins only argued against the court's "denial of his motion to suppress a video confession he claim[ed] violated [Federal Rule of Evidence] 410 and [Federal Rule of Criminal Procedure] 11(f)," the court's "denial of his motion to exclude expert testimony about sex trafficking in violation of [Federal Rule of Evidence] 403, and the reasonableness of his sentence." Id. Section 2255 "imposes tight procedural constraints" on the scope of a movant's claims. Fernandez v. United States, 146 S. Ct. 1292, 1300 (2026). "[C]laims not raised on direct review are procedurally defaulted unless the prisoner can demonstrate cause and prejudice, or else actual innocence." Id. (cleaned up); see Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Jenkins did not raise his claims on

4

direct review. Although Jenkins blames his appellate counsel, he has not demonstrated cause and prejudice or actual innocence to excuse this failure. See, e.g., [D.E. 305] 9–16; United States v. Taylor, No. 24-6996, 2026 WL 822517, at *2–3 (4th Cir. Mar. 25, 2026) (per curiam) (unpublished), cert. denied, No. 25-7326, 2026 WL 1780079 (U.S. June 22, 2026); cf. Jenkins, 2024 WL 4891180, at *5, *8 ("Given the evidence admitted at [Jenkins's] trial, . . . [the court] can say with fair assurance, and without stripping the [alleged] erroneous action from the whole, that the jury's verdict was not substantially swayed by the [alleged] error. . . . The [g]overnment's evidence against Jenkins at trial was overwhelming and one-sided [and his sentence] was severe, but well-earned."). Thus, the court dismisses the claims in grounds one through twelve and fourteen.

As for Jenkins's ineffective-assistance claim, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (cleaned up). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001); Hill v. Lockhart, 474 U.S. 52, 57–60 (1985).

To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Jenkins must plausibly allege that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to

5

"eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. As for performance, a party must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

"Surmounting Strickland's high bar is never an easy task." Harrington v. Richter, 562 U.S. 86, 105 (2011) (citation omitted). "An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Id. (cleaned up). The "standard for judging counsel's representation is a most deferential one." Id. "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." Id. "It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Id. (cleaned up).

A person asserting an ineffective-assistance claim also must show that counsel's deficient performance was prejudicial. See Strickland, 466 U.S. at 691–96. A person does so by showing that there is a "reasonable probability that, but for" the deficient performance, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Supreme Court based this "additional 'prejudice' requirement" on the "conclusion that 'an error by counsel, even if professionally

6

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 691).

In assessing prejudice, Strickland "asks whether it is 'reasonably likely' the result would have been different." Harrington, 562 U.S. at 111 (quoting Strickland, 466 U.S. at 696). Strickland "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" Harrington, 562 U.S. at 111–12 (quoting Strickland, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." Id. at 112 (citation omitted).

Jenkins argues that his trial counsel was ineffective by failing to object to the jury instructions and verdict form and failing to address the alleged deficiencies which Jenkins outlines in his procedurally defaulted claims. See [D.E. 295] 26–27; [D.E. 296] 16–17. Jenkins also argues that his appellate counsel "neglected to identify the plethora of errors which took place in [his] case pre-trial, at trial, and at sentencing." [D.E. 295] 27; see [D.E. 296] 16–17.

As for Jenkins's argument about the jury instructions and verdict form, the record belies his claim. Jenkins's trial counsel filed proposed jury instructions that reflected the defense theory of the case. See [D.E. 155]. The court then properly instructed the jury and supplied the jury with an appropriate verdict form. See [199, 200]; Trial Tr. [D.E. 269] 81–141. There was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

As for Jenkins's argument about his trial counsel's failure to address alleged deficiencies which Jenkins procedurally defaulted, Jenkins cannot use section 2255 to recharacterize and relitigate claims that he lost or failed to raise on direct appeal. See Fernandez, 146 S. Ct. at 1300;

7

Massaro, 538 U.S. at 504; Bousley, 523 U.S. at 621; Dyess, 730 F.3d at 360; Fugit, 703 F.3d at 253; United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Sanders, 247 F.3d at 144; Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam); cf. Jenkins, 2024 WL 4891180, at *1–8.

As for Jenkins's argument that his appellate counsel generally neglected to identify a "plethora of errors" at every stage of Jenkins's case, Jenkins fails to show ineffective assistance. Jenkins's counsel filed a merits brief and raised three non-frivolous grounds on appeal. The Sixth Amendment does not require counsel to make every non-frivolous argument. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009); Taylor, 2026 WL 822517, at *2. To prevail on an ineffective-assistance claim where appellate counsel filed a merits brief, Jenkins must "show that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." Taylor, 2026 WL 822517, at *2 (cleaned up). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id. (citation omitted). The issues which Jenkins refers to in his procedurally defaulted claims are meritless for reasons discussed in the government's brief. See [D.E. 305] 9–16. Thus, the ineffective-assistance claim in ground thirteen fails.

After reviewing the claims presented in Jenkins's motion, the court finds that reasonable jurists would not find the treatment of Jenkins's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

8

## III.

In sum, the court GRANTS petitioner's motion to amend [D.E. 302], GRANTS respondent's motion to dismiss petitioner's section 2255 motion [D.E. 304], DENIES petitioner's motion in opposition to respondent's motion to dismiss [D.E. 307], DISMISSES petitioner's section 2255 motion [D.E. 295], and DENIES a certificate of appealability.

SO ORDERED. This 22 day of July, 2026.

JAMES C. DEVER III
United States District Judge

9